UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN L. GREEN, SR., | ) | Case No. 4:04CV1123 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | Magistrate Judge George J. Limbert |
| vs. | ) | |
| | ) | |
| ANTHONY J. BRIGANO, Warden, | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| Respondent. | ) | |

On June 7, 2004, Kevin L. Green Sr. (hereinafter "Petitioner"), pro se, executed a

petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254.  Electronic Case

Filing (hereinafter "ECF") Dkt. #1.  The petition was filed in this Court on June 14, 2004.  *Id.*

For the following reasons, the undersigned recommends that this Court DENY the instant

petition for writ of federal habeas corpus.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

      **A.      State Proceedings**

On or about October 14, 1999, the Grand Jury for Mahoning County, Ohio returned a

two-count indictment charging Petitioner with aggravated murder in violation of Ohio Revised

Code § 2903.01(B)(F) and kidnapping in violation of Ohio Revised Code § 2905.01(A)(3)(C),

with firearm specifications.  ECF Dkt. #10, Exhibit A.  Upon arraignment, Petitioner entered a

plea of not guilty to all charges and proceeded to trial by jury.

-1-

Upon conclusion of the trial, the jury found Petitioner guilty of complicity to commit aggravated murder and kidnapping.  ECF Dkt. #10, Exhibit B.  On March 8, 2001, the trial court sentenced Petitioner to life imprisonment for the aggravated murder conviction, and to ten years imprisonment for his kidnapping conviction.  *Id.*  The trial court ordered that Petitioner serve these sentences consecutively.  *Id.*

**B.**    **Direct Review**

Petitioner, through counsel, timely appealed to the Ohio Court of Appeals for the Seventh Judicial District (hereinafter "Seventh District Court of Appeals" or "Seventh District").   On November 14, 2002, Petitioner, through counsel, filed his brief and raised the following assignment of error:

> 1.    KEVIN GREEN'S CONVICTION MUST BE VACATED BECAUSE HE WAS DEPRIVED OF HIS STATUTORY RIGHT TO A SPEEDY TRIAL DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
>
> 2.    KEVIN GREEN WAS DENIED A FAIR TRIAL IN ACCORDANCE WITH THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN THE STATE IMPROPERLY SHIFTED THE BURDEN OF PROVING THE DEFENDANT'S GUILT.  COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE STATE'S MISCHARACTERIZATION OF THE LAW.
>
> 3     KEVIN GREEN WAS DENIED A FAIR TRIAL BECAUSE THE JURY INSTRUCTION ON FLIGHT IMPROPERLY SHIFTED THE BURDEN OF PROOF TO THE DEFENDANT IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION

ECF Dkt. #10, Exhibit C.  On January 17, 2003, the State of Ohio filed a brief in response.

ECF Dkt. #10, Exhibit D.  On June 13, 2003, the Seventh District Court of Appeals issued its

opinion, in which it addressed and overruled Petitioner's assignments of error.  ECF Dkt. #10,

Exhibit E.

On July 25, 2003, the Ohio Supreme Court received Petitioner's pro se notice of appeal.

However, on August 11, 2003, Petitioner filed a motion for delayed appeal in the Ohio

Supreme Court, explaining that the Ohio Supreme Court Clerk of Courts had returned his

original notice of appeal because it lacked the court of appeals case number and the date that

the appellate court rendered its judgment.  ECF Dkt. #10, Exhibit F.  On August 11, 2003, the

Supreme Court of Ohio filed the notice.  ECF Dkt. #10, Exhibit F.  Petitioner raised the

following propositions of law in his delayed appeal to the Supreme Court of Ohio:

> Proposition of Law No. 1
>
> The Appellant's conviction must be reversed because he was deprived of his statury[sic] rights to a speedy trial due to the ineffective assisrtance[sic] of appellant[sic] counsel in violation of the Sixth Amendment to The United States Constitution and Article I, Section 10 of The Ohio Constitution.
>
> Proposition of Law No. 2
>
> The Appellant was denied a fair trial in accordance with the Fifth and Fourteenth Amendments to the United States Constitution when the state improperly shifted the burden of proving the defendant's guilt.  Counsel was ineffective for failing to object to the state's mischaracterization of the law.
>
> Proposition of Law No. 3
>
> The Appellant was denied a fair trial because the jury instruction of flight improperly shifted the burden of proof to the defendant in violation of the Fifth and Fourteenth Amendment Right of The United

States Constitution and Article I, Section 16 of The Ohio Constitution.

*Id.* On December 24, 2003, the Ohio Supreme Court denied Petitioner's motion for a delayed

appeal and dismissed the appeal as not involving any substantial constitutional question.  ECF

Dkt. #10, Exhibit G.

### C.      State Post-Conviction Relief Petition

On August 30, 2001, Petitioner, pro se, filed a petition to vacate or set aside his

sentence pursuant to Ohio Revised Code §2953.21 in the trial court.  ECF Dkt. #10, Exhibit H.

Petitioner set forth various claims asserting the ineffective assistance of trial counsel.  *Id.*  The

trial court denied these claims and Petitioner pro se appealed the denial of his petition to the

Seventh District Court of Appeals.  *Id.* The appellate court indicated that Petitioner's sole

assignment of error before them asserted:

> Trial court (sic) failure to interview of subpoena witnesses, present video tape
> statement, denied Appellant of 'effective' assistance, which prejudiced the
> Appellant of his 5th, 6th, and 14th amendment [sic] constitutional rights.

*Id*.  Petitioner did not pursue this claim before the Supreme Court of Ohio.  Moreover,

Petitioner indicates in his federal habeas corpus petition before this Court that he does not raise

this particular issue before this Court.  ECF Dkt. #1 at 4 (in identifying petitions or applications

filed besides the direct appeal in state court, Petitioner identified Mahoning County Court post-

conviction petition and wrote "the petitioner wishes not to raise these grounds in this

Honorable Court.").

### D.      Application to Reopen

On June 30, 2003, Petitioner filed an application to reopen his appeal pursuant to Rule

26(B) of the Ohio Rules of Appellate Procedure with the Seventh District Court of Appeals. ECF Dkt. #10, Exhibit I.  Petitioner pro se argued that his appellate counsel was ineffective for failing to raise at least ten assignments of error that he enumerated in his application.  *Id*.  The Seventh District Court of Appeals denied Petitioner's application to reopen.  *Id.*  Petitioner did not appeal the ruling on this application to the Supreme Court of Ohio.  Moreover, Petitioner indicates in his current federal habeas corpus petition that he does not raise the issues presented in this application before this Court in his current petition.  ECF Dkt. #1 at 3 (in informing this Court in his petition that he filed a Rule 26(B) motion in the Seventh District Court of Appeals, Petitioner wrote "petitioner wishes not to raise these issues to this Honorable Court.").

**E.      Federal Habeas Corpus Petition**

On June 7, 2004, Petitioner, pro se, filed the instant petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254.  ECF Dkt. #1.  Petitioner raises the following three grounds for relief**:**

> **Ground I:** Petitioner's conviction must be vacated because he was deprived of his statutory right to a speedy trial due to the ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.
>
> **Supporting Facts**: Trial counsel was ineffective for misrepresenting the petitioner to believe he had to sign a "speedy trial waiver" when there was not evidence.  (See Exhibit A).  Also for his failure to file a written objection to any further continuances and register a formal demand (see brief of Appellant attached) and for his failure to dismiss the indictment based on speedy trial violations.
>
> **Ground II:** Petitioner was denied a fair trial in accordance with the Fifth and Fourteenth Amendments to the United States Constitution when the state improperly shifted the burden of proving the defendant's guilt.  Counsel was ineffective for failing to object to the State's mischaracterization of the law.

**Supporting Facts:** The State made comments during voir dire, which instilled the jury with a misapprehension about the standard of their review. These misstatements of the law improperly lightened the State's heavy burden to prove the Petitioner's guilt beyond a reasonable doubt.

**Ground III:** The Petitioner was denied a fair trial because the jury instruction on flight improperly shifted the burden of proof to the Defendant in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article I Section 16 of the Ohio Constitution.

**Supporting Facts**: The Petitioner believes that the Court did not define the vague term "satisfactorily" and because so the jury had a hard time defining the word complicity (see Exhibit B).

ECF Dkt. #1. On February 7, 2005, Respondent Anthony J. Brigano (hereinafter "Respondent") filed his answer/return of writ. ECF Dkt. #8. The Court granted Petitioner's motion for leave to file a traverse to Respondent's answer/return of writ by June 6, 2005, but Petitioner did not file a traverse. ECF Dkt. #15.

## II.    STANDARD OF REVIEW

### A.    Procedural Barriers to Review

Petitioner brought the instant petition for writ pursuant to 28 U.S.C. § 2254, whereby a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or the laws or treaties of the United States. 28 U.S.C. § 2254(d). However, a petitioner must overcome several procedural barriers before a court will review the merits of a federal petition for writ of habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, *infra*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

-6-

One of the procedural barriers that a petitioner must overcome in order to have the federal district court review the merits of his claim is the procedural default doctrine. In general, if a defendant fails to present his federal claims to the state court in the manner required by a long-standing state procedural rule and the final state court addressing the claim holds that further consideration of the claim is precluded because of a defendant's procedural default, then a district court cannot consider the merits of the claim absent a showing of cause for the state procedural default and prejudice resulting from the constitutional error asserted by the claim. *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977). If the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). The Sixth Circuit Court of Appeals has set forth a four-part analysis to determine if a procedural default bars a claim. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under the *Maupin* test, a reviewing court must decide:

    (1)    Whether the petitioner failed to comply with an applicable state procedural rule;

    (2)    Whether the state courts actually enforced the state procedural sanction;

    (3)    Whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

    (4)    If the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138-39.

A federal habeas corpus court will not review a claim that is procedurally defaulted in state court unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or unless the petitioner demonstrates that failure

to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 751 (1991). Demonstrating "cause" requires showing that some factor external to the defense impeded counsel's efforts to comply with the State procedural rule. *Murray v. Carrier,* 477 U.S. 478, 488 (1986). Demonstrating "prejudice" requires showing a disadvantage "infecting" the trial with constitutional error. *United States v. Frady,* 456 U.S. 152, 168 (1982). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

Absent a demonstration of cause and prejudice, a federal habeas petitioner may still obtain review of claims that are procedurally defaulted by establishing that the failure to conduct such review will result in a "fundamental miscarriage of justice." *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 426 (6th Cir. 2003) (quoting *Coleman*, 501 U.S. at 750); *See also Murray v. Carrier*, 477 U.S. 478, 496 (1986). The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo,* 513 U.S. 298, 326-27 (1995); *Murray v. Carrier,* 477 U.S. 478, 496 (1986). "'Actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup,* 513 U.S. at 324.

### B.   Merits Review

When procedural default and exhaustion of state court remedies are not at issue, the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to determine habeas corpus petitions that are filed after its effective date of April 24, 1996.  *Williams v. Coyle,* 167 F.3d 1036, 1037 (6th Cir. 1999).  Petitioner's § 2254 petition was filed when he signed it on June 7, 2004, well after the effective date, and therefore the AEDPA applies.  The AEDPA contains a standard of review for habeas relief, which states as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

After passage of AEDPA, the United States Circuit Courts accorded varying interpretations to the standard of review that a federal habeas court must apply under § 2254(d).[1]  In response to the nationwide variation accorded to the habeas corpus standard of review, the Supreme Court elaborated on the meaning of AEDPA's statutory language, announcing that the recently revised habeas statute "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Campbell v. Coyle*, 260 F.3d 531, 539 (6th Cir. 2001)(*quoting Williams v. Taylor*, 529 U.S. 362, 412 (2000).

---

[1] *Compare Green v. French***,** 143 F.3d 865 (4th Cir.1998), *and Nevers v. Killinger*, 169 F.3d 352, 358 (6th Cir. 1999)*, with Long v. Humphrey*, 184 F.3d 758 (8th Cir.1999), *and Matteo v. Superintendent, SCI Albion*, 171 F.3d 877 (3rd Cir. 1999).

In *Williams*, the United States Supreme Court clarified the language of § 2254(d)(1), holding:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-413.

The Supreme Court offered additional guidance regarding the meaning of "unreasonable application."  The Court stated: "A state-court opinion can also engender the 'unreasonable application' of Supreme Court precedent if it 'either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context.'" *Campbell*, 260 F.3d at 539 (*quoting Williams*, 529 U.S. at 409).  Further, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.*  Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*

In addition, the undersigned notes that federal habeas courts are obliged to "accept a state court's interpretation of that state's statutes and rules of practice." *Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986).  Similarly, a federal court is not free to ignore the pronouncement of a state appellate court on matters of state law. *Central States, Southeast & Southwest Areas*

-10-

*Pension Fund v. Howell*, 227 F.3d 672, 676 (6th Cir. 2000).  Lastly, "a determination of a factual issue made by a state court shall be presumed correct."  28 U.S.C. § 2254(e)(1).  A petitioner has the burden of rebutting this presumption of correctness by clear and convincing evidence.  *Id.*

The above standards apply to the review of Petitioner's claims.

### III.  **DISCUSSION**

#### A.  **Statute of Limitations**

In their answer/return of writ, Respondent indicates that he is not waiving any defense with regard to the timeliness of Petitioner's federal habeas corpus petition, but he concedes at this time that Petitioner appears to have timely filed the petition.  ECF Dkt. #8 at 8.  Thus, further review of this issue is not necessary.

#### B.  **Procedural Default**

Respondent asserts that Petitioner has waived the right to raise all three of his grounds for relief in federal habeas corpus because he failed to timely appeal these issues to the Supreme Court of Ohio and that court denied his motion for a delayed appeal because he failed to present sufficient reasons for his untimely filing.  ECF Dkt. #8 at 10.  Respondent thus asserts that Petitioner has procedurally defaulted all of his grounds for relief and this Court should therefore dismiss his federal habeas corpus petition with prejudice.  *Id*.

In general, a federal habeas court is barred from considering issues that could have been raised in the state courts, but were not, and which may not be presented to those state courts due to procedural default or waiver.  *Engle v. Isaac,* 456 U.S. 107 (1982).  A habeas petitioner has the burden of overcoming this bar by showing cause for the default and actual prejudice.

*Murray v. Carrier,* 477 U.S. 478 (1986); *Fornash v. Marshall,* 686 F.2d 1179 (6th Cir. 1982), *cert. denied,* 460 U.S. 1042 (1983).  Normally, a federal habeas court will consider default in the state courts to have occurred if the last state court rendering a decision makes a plain statement of such state procedural default.  *Harris v. Reed,* 489 U.S. 255 (1989).  However, no such statement is necessary if the relevant issues were not presented at all to the state court(s). *Id.* at 263, n.9.

Under the first of the *Maupin* criteria, this Court must determine if Petitioner in this case failed to comply with an applicable state procedural rule.  *Maupin,* 785 F.2d at 138.  In Ohio, the failure to present a claim to either a Court of Appeals or to the Ohio Supreme Court constitutes a waiver of the claim.  *State* v. *Broom*, 40 Ohio St. 3d 277, 288-289 (1988); *State v. Moreland*, 50 Ohio St. 3d 58, 62 (1990).  Moreover, in *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir.), *cert. denied*, 125 S.Ct. 506 (2004), the Sixth Circuit Court of Appeals explicitly held that a federal habeas corpus petitioner procedurally defaults his federal habeas corpus claims when he fails to file a timely appeal to the Supreme Court of Ohio and that court subsequently denies his motion for a delayed appeal:

> This case turns on whether the Ohio Supreme Court entry denying Bonilla's motion for leave to file a delayed appeal constitutes a procedural ruling sufficient to bar federal court review of Bonilla's habeas corpus petition.  Upon examination of the Ohio Supreme Court Rules, we conclude that it does.  The Ohio Supreme Court Rules require a motion for a delayed appeal to state "the date of entry of the judgment being appealed and adequate reasons for the delay."  Ohio Sup. Ct. R. II, Section 2(A)(4)(a).  In addition, the motion must be accompanied by a supporting affidavit and a "copy of the decision being appealed."  *Id.*  A motion for a delayed appeal is not required to contain the actual claims and supporting arguments sought to be presented on appeal.  *Id.* Instead, only when "the Supreme Court grants a motion for delayed appeal," is the appellant required to "file a memorandum in support of jurisdiction."  Ohio Sup. Ct. R. II, Section 2(A)(4)(c).  Thus, the applicable Ohio court rules indicate

> that the denial of a motion for a delayed appeal is a procedural ruling, not a
> ruling on the merits.  Indeed, this court has previously reached this conclusion,
> albeit in unpublished opinions."  *See Hall v. Huffman*, No. 98-3586, 2000 WL
> 1562821, at *3 (6th Cir. Oct. 11, 2000)(unpublished); *Shabazz v. Ohio*, No. 97-
> 3085, 1998 WL 384559, at *1 (6th Cir. June 18, 1998)(unpublished).

Here, Petitioner failed to comply with the procedural requirement of the Ohio Supreme Court

Rules and caselaw because he did not raise the issues contained in his instant federal habeas

corpus petition in a timely appeal to the Ohio Supreme Court.  Accordingly, the first *Maupin*

criteria is satisfied with respect to Petitioner's grounds for relief.

   Moreover, even assuming *arguendo* that Petitioner discovered new evidence or was

otherwise able to raise these issues for the first time in his state petition for post-conviction

relief filed pursuant to Ohio Revised Code § 2953.21, he failed to appeal the trial court's denial

of his motion for post-conviction relief to the Ohio Supreme Court.  *State v. Perry,* 10 Ohio

St.2d 175, syllabus (1967)(holding that constitutional issues cannot be considered in post-

conviction proceedings where the issues could have been fully litigated by the prisoner while

represented by counsel, either before his judgment of conviction or on direct appeal from that

judgment).  Therefore, the first *Maupin* criteria is satisfied because not only did Petitioner fail

to raise these claim on his direct review, but he also failed to appeal the trial court's denial of

his petition for post-conviction relief.

   The second *Maupin* criteria is also satisfied because it appears that the Ohio Supreme

Court actually enforced the state procedural sanction as it denied Petitioner's untimely filed

motion for a delayed appeal and under *Bonilla*, a denial of an untimely motion for delayed

appeal by the Ohio Supreme Court is in fact a procedural ruling and not a ruling on the merits.

Moreover, the third *Maupin* criteria is satisfied because waiver is an adequate and independent

-13-

state ground in which the state can foreclose federal review.  *Cone v. Bell*, 359 F.3d 785, 801 (6th Cir. 2004).

Finally, under the fourth element of *Maupin*, Petitioner presents no cause in the instant petition for his procedural default as he fails to set forth any reason explaining why he could not comply with the state procedural requirements.  In his motion for delayed appeal before the Ohio Supreme Court, Petitioner did assert that he did timely file his notice of appeal as he had until July 28, 2003 to do so and filed on July 25, 2003.  ECF Dkt. #10, Exhibit F.  Petitioner asserted in his motion for a delayed appeal that the Clerk of Courts for the Supreme Court of Ohio erroneously sent back his notice of appeal informing him that the appellate court case number was missing from his notice of appeal and motion for delayed appeal and he had not set forth the date that the judgment was entered by the appellate court on either motion.  ECF Dkt. #10, Exhibit F.  Petitioner explained that he had in fact placed the appellate court case number on the motion for delayed appeal and notice of appeal and the date of judgment by the appellate court was on both the notice of appeal and attached to the memorandum in support of jurisdiction.  *Id.*  Nevertheless, the Supreme Court of Ohio denied the motion for delayed appeal.  Further, Petitioner fails to raise these same explanations before this Court and actually offers no explanation whatsoever to show cause to excuse his procedural default before the Ohio Supreme Court.  Since Petitioner has failed to show cause for his procedural default, it is unnecessary for this Court to reach the issue of prejudice.  *Engle*, 456 U.S. at 134, n. 43. Accordingly, the undersigned finds that Petitioner has procedurally defaulted all of his grounds for relief before this Court.

Furthermore, the miscarriage of justice exception does not apply in the case *sub judice* because Petitioner has not presented any new reliable evidence to support an assertion of innocence that would allow this Court to consider his claims in spite of his procedural defaults. As such, a miscarriage of justice will not occur if the Court declined to review these claims on the merits. *Welch v. Burke,* 49 F. Supp. 2d 992, 1007 (E.D. Mich. 1999).

Based on the foregoing, the undersigned recommends that this Court dismiss Petitioner's entire federal habeas corpus petition because he has procedurally defaulted all of his grounds for relief by failing to raise them before the Ohio Supreme Court.

### C. <u>Merits Review</u>

Even giving Petitioner the benefit of the doubt and finding that he did timely file his motion for delayed appeal before the Supreme Court of Ohio and therefore did not procedurally default his three grounds for relief, or finding that he presented sufficient cause and prejudice to excuse the procedural default, the undersigned nevertheless recommends that the Court dismiss Petitioner's instant federal habeas corpus petition with prejudice as his grounds for relief fail on the merits.

### 1. <u>First Ground for Relief</u>

In his first ground for relief, Petitioner complains that he received the ineffective assistance of counsel at trial.  ECF Dkt. #1, Appendix 5(A).  Petitioner first asserts that counsel was ineffective because he misrepresented to Petitioner that Petitioner had to sign a speedy trial waiver "when there was no evidence." *Id.*  Petitioner also asserts that counsel was ineffective by not filing written objections to further continuances and registering a formal demand for a speedy trial.  *Id.*  Petitioner complains that but for counsel's failure to assert his speedy trial

rights, the indictment against him would have been dismissed.  *Id.*

In order to succeed on his Sixth Amendment claim of ineffective assistance of counsel, Petitioner must establish that his counsel's performance fell below an objective standard of reasonableness and that his counsel's ineffectiveness prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668 (1984).  In order to satisfy the prejudice prong of this two-prong test, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 694.  Furthermore, review of counsel's effectiveness must accord significant deference to strategic trial tactics.  While trial counsel's tactical decisions are not completely immune from Sixth Amendment review, they must be particularly egregious before they will provide a basis for relief.  *Martin v. Rose*, 744 F.2d 1245, 1249 (6th Cir. 1984).  Decisions that "might be considered sound trial strategy" do not constitute the ineffective assistance of counsel.  *Michel v. Louisiana*, 350 U.S. 91, 101 (1955).

Petitioner first asserts that trial counsel was ineffective because he allegedly misrepresented to Petitioner that he had to sign a speedy trial waiver "when there was no evidence."  ECF Dkt. #1, Appendix 5(A).  The undersigned recommends that the Court find no merit to this claim as Petitioner fails to provide any further information about this claim, the alleged misrepresentation and the alleged lack of evidence, and he fails to show that counsel was ineffective in having him sign the speedy trial waiver.  Moreover, the transcript of the speedy trial waiver hearing belies Petitioner's assertion in regard to a misrepresentation as Petitioner indicated at that hearing that he desired to waive his speedy trial rights and he was

-16-

not induced or threatened into waiving these rights.  ECF Dkt. #10, Exhibit K.  Further,

Petitioner's appellate brief before the state court did not address an alleged misrepresentation

by trial counsel to induce Petitioner to sign a speedy trial waiver.  ECF Dkt. #10, Exhibit C.

Accordingly, without Plaintiff providing further argument or support for his assertion, the

undersigned recommends that the Court find that this assertion lacks merit.

Petitioner also asserts that his trial counsel was ineffective because he failed to file

written objections to further continuances and he failed to register a formal demand for a

speedy trial.  ECF Dkt. #1, Appendix 5(A).  Petitioner complains that but for counsel's failure

to assert his speedy trial rights, the indictment against him would have been dismissed.  *Id.*

The undersigned notes that the Seventh District Court of Appeals addressed this very

issue on direct appeal.  That court cited to the transcript of the speedy trial waiver hearing and

found that Petitioner had explicitly and voluntarily, knowingly and intelligently waived his

speedy trial rights in open court.  ECF Dkt. #10, Exhibit E.  That court further found that

Petitioner had never objected to continuances after this waiver, Petitioner filed his own

continuances thereafter and he never demanded that he be brought to trial.  *Id.*  The court relied

on Ohio Supreme Court caselaw holding that a waiver that expressly waives an accused's right

to a speedy trial under Ohio Revised Code §2945.71 is a waiver unlimited in duration when it

does not state a specific time for the length of the waiver.  *Id.*, citing *State v. O'Brien*, 34 Ohio

St.3d 7, 516 N.E.2d 218, paragraph two of the syllabus.  The appellate court held:

> In the case at hand, the language in the written waiver does not contain limiting
> language. (12/7/99 J.E.).  During the waiver hearing, the trial court stated that
> Green wished to give up his speedy trial rights and agree "to an indefinite
> continuance, although it is not indefinite."  (Tr. of Proceedings Waiver 3-4)[
> [ECF Dkt. #10, Exhibit K in this case].  The court indicated that a future trial

-17-

date would be set. (Tr. of Proceedings Waiver 4). However, during this discussion a definite time period for waiver of speedy trial rights was not established and therefore the waiver was of unlimited duration. *See, also, O'Brien*, 34 Ohio St.3d 7, 516 N.E.2d 218; *State v. Lee* (Apr. 13, 1994), 9th Dist. No. 93CV005671, 1994 Ohio App. LEXIS 1603 (holding that Lee's argument that the waiver was only effective as to the trial date that was set at that time of execution of the waiver was incorrect because the waiver failed to explicitly specify a time limit). As such, trial counsel was not ineffective for fialing to file a motion to dismiss all charges based upon speedy trial rights because the record does not reveal evidence of a violation of those rights. The Sixth and Fourteenth Amendments to the United States Constitution do not require counsel to file a meritless motion simply to avoid an allegation of ineffective assistance of counsel. *State v. Procter* (May 14, 2001), 12th Dist. Nos. CA2000-06-059 and CA2000-08-078, 2001 Ohio App. LEXIS 2154, citing *State v. Robinson* (1996), 108 Ohio App.3d 428, 433, 670 N.E.2d 1077.

Furthermore, Green never re-invoked his speedy trial rights. If Green wished to re-invoke his speedy trial rights he should have filed formal written objections to the continuances and demanded trial. *Kovacek*, 2001 Ohio App. LEXIS 2390; *O'Brien*, 34 Ohio St.3d 7. The record reveals that Green filed three motions for continuances, the state and Green filed one joint motion for continuance, the court sua sponte ordered a continuance twice due to its own crowded docket, and the state filed for one continuance. Green did not file a formal objection to any of the continuances nor did he demand trial. However, the absence of such objection or demand does not per se lead to the inescapable conclusion that Green's trial counsel was ineffective. There are a plethora of reasons why a delay in the trial date might be beneficial for the accused, i.e., purposes of adequate trial preparation and/or trial strategy. Therefore, in the absence of some dialogue or evidence on the record that an accused did not intend to execute a waiver, intended to re-assert his right to a speedy trial, or was in fundamental disagreement with his legal counsel, we will not make a blanket assumption that trial counsel's failure to act was the result of negligence or inadequate representation.

Within our limited reviewing parameters, we hold that the failure to pursue an alleged speedy trial violation is a possible indicia of ineffective legal counsel when it is demonstrated on the record that trial counsel refused to pursue a demand for trial, acted contrary to his client's express instructions, or a waiver of limited duration expired and trial counsel fails to demand dismissal of the charges based on speedy trial violations. Here the majority of the continuances requested are attributable to Green. There is no evidence that he disagreed with his legal counsel. Moreover, the waiver was of unlimited duration. Green silently sat back throughout the pendency of his case and gave no indication to

-18-

the trial court that he desired a more timely trial.

ECF Dkt. #10, Exhibit E.

Federal habeas corpus courts are obliged to "accept a state court's interpretation of that state's statutes and rules of practice." *Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). Thus, this Court must accept the Seventh District Court of Appeals' finding that a waiver under Ohio's speedy trial statute that lacks limiting language is a waiver of unlimited duration.  This Court may not ignore the pronouncement of the state appellate court on this state law matter. *Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676 (6th Cir. 2000).  Further, the appellate court relied upon state law in determining that Petitioner's speedy trial rights were not violated because he signed a speedy trial waiver that lacked limiting language and therefore his counsel was not ineffective for failing to file a motion to dismiss the indictment based upon a speedy trial right violation because Petitioner's speedy trial rights had not been violated.

Moreover, this Court must presume the factual issues made by the state appellate court in this case to be correct unless Petitioner shows by clear and convincing evidence that such a presumption is not warranted.  28 U.S.C. § 2254(e)(1).  The Seventh District Court of Appeals found that Petitioner never indicated disagreement with his counsel concerning the waiver, he never re-invoked his speedy trial rights, and he never objected to the numerous continuances requested in his case and he in fact requested most of the continuances that occurred after his waiver.  ECF Dkt. #10, Exhibit E.  The appellate court found that because Petitioner failed to demonstrate that he took any of these actions, his speedy trial rights were not violated and his counsel was not ineffective in failing to demand a speedy trial, object to continuances or file to

-19-

dismiss the indictment on the basis of a speedy trial violation.  *Id.*  The appellate court held:

> A defendant cannot get the best of both worlds.  That is, the defendant cannot sign an unlimited waiver of speedy trial time and then, after being found guilty by a jury, claim counsel was ineffective for failing to assert and/or reassert the defendant's speedy trial rights.

*Id.*  Petitioner presents no evidence to contradict the presumption that this Court must accept as to the appellate court's factual findings.  Accordingly, the undersigned recommends that the Court find that this ground for relief is without merit.

### 2.    Second Ground for Relief

In this ground for relief, Petitioner asserts that he was denied his constitutional right to a fair trial because the State improperly shifted the burden of proving his guilt and his trial counsel was ineffective for failing to object to the State's mischaracterization of the law.  ECF Dkt. #1, Appendix 5(A).  Petitioner complains that the State made comments during voir dire that skewed the jury's understanding of the standard of review in this case, which improperly shifted the State's burden to prove Petitioner's guilt beyond a reasonable doubt.  *Id.*

Petitioner raised this exact issue in his direct appeal of his conviction to the Seventh District Court of Appeals.  ECF Dkt. #10, Exhibit E.  Because Petitioner provides no further insight or argument on this issue before this Court, the undersigned presumes that Petitioner is raising before this Court the exact issue that he raised in the state appellate court relating to the voir dire and the trial court's jury instruction on the definition of reasonable doubt.  *Id.*

The Ohio appellate court reviewed the standard of review for reversing a criminal conviction based upon an erroneous jury instruction and the standard for determining the ineffective assistance of counsel in failing to object to an erroneous jury instruction.  ECF Dkt.

-20-

#10, Exhibit E.  The court found that the jury instruction on reasonable doubt given by the trial court in Petitioner's case tracked the exact language provided in Ohio Revised Code § 2901.05(D) which the Ohio Supreme Court had repeatedly upheld despite attacks by numerous other defendants challenging the use of this statutory definition of reasonable doubt in jury instructions.  *Id.*(citations omitted).

Again, as in his first ground for relief, this Court is obliged to "accept a state court's interpretation of that state's statutes and rules of practice" *Duffel,* 785 F.2d at 133, and may not ignore the pronouncement of the state appellate court on this state law matter. *Howell*, 227 F.3d at 676.  Thus, this Court must accept the appellate court's reliance upon Ohio Revised Code §2901.05(D) and the accompanying Ohio Supreme Court caselaw upholding the use of the reasonable doubt standard in that statute in a jury instruction.  Moreover, this Court must presume the factual issues made by the state appellate court in this case to be correct unless Petitioner shows by clear and convincing evidence that such a presumption is not warranted. 28 U.S.C. § 2254(e)(1).  Petitioner has not met his burden of rebutting this presumption of correctness by clear and convincing evidence and he presents no support to show that any court has found that Ohio Revised Code 2901.05(D) is unconstitutional.  28 U.S.C. § 2254(e)(1). Further, in order for an erroneous jury instruction to rise to the level of a constitutional violation that is cognizable in this Court, Petitioner must show that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Buell v. Mitchell*, 274 F.3d 337, 365-366 (6th Cir. 2001), quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973) and citing *Scott v. Mitchell*, 209 F.3d 854, 872 (6th Cir. 2000).  Petitioner has not met this burden. Thus, the undersigned recommends that the Court find no merit to this claim.

-21-

Furthermore, the Ohio appellate court addressed whether trial counsel was ineffective for failing to object to the prosecutor's questioning about reasonable doubt during voir dire. ECF Dkt. #10, Exhibit E.  The questioning that took place involved the state asking jurors what they thought the standard of beyond a reasonable doubt meant, to which one prospective juror responded that he did not believe that he had to be 100 percent sure in order to convict.  ECF Dkt. #10, Transcript at 55-57.  This prospective juror further stated that if everything points to the defendant, "then it's like, you know, probably guilty, most likely.  I don't know about the hundred percent."  *Id.* at 56.  The appellate court found that "[w]hile the prospective juror's answer may have lead other jurors to believe that reasonable doubt was a lesser standard than it is, the state also informed the prospective jury that the trial judge would provide the jurors with the legal definition of reasonable doubt."  ECF Dkt. #10, Exhibit E, quoting Tr. at 56.  The appellate court then reviewed the jury instructions that the trial court provided the jury concerning the jury's duty to apply the jury instructions and the reasonable doubt standard jury instruction that the trial court gave which exactly tracked that contained in Ohio Revised Code § 2901.05(D).  The appellate court cited Ohio caselaw holding that Ohio juries are presumed to follow the court's jury instructions and the court found that any belief that voir dire left with the jury concerning the reasonable doubt standard was corrected by the jury instruction and it was presumed that the jury followed that instruction.  ECF Dkt. #10, Exhibit E.  Based upon the appellate court's findings and its use of Ohio caselaw, and Petitioner's lack of support for a contrary finding, the undersigned recommends that the Court find that Petitioner's second ground for relief is without merit.

### 3.    Third Ground for Relief

In his final ground for relief, Petitioner asserts that he was denied a fair trial because the trial court improperly instructed the jury on flight which improperly shifted the burden of proof to Defendant in violation of the Fifth and Fourteenth Amendments to the United States Constitution.  ECF Dkt. #1, Exhibit 5(A).  Petitioner contends that the trial court failed to clearly define the term "satisfactorily" and therefore the jury had a difficult time defining the word complicity.  *Id.*

Again, Petitioner presents no further argument or support for this particular ground for relief before this Court, but the undersigned will presume that he is making the same arguments that he made through counsel in his brief before the state appellate court on the issue of the trial court's jury instructions shifting the burden of proof.  ECF Dkt. #10, Exhibit C at 13-14.  In his appellate brief, Petitioner asserted that the trial court's jury instruction on flight included an improper characterization of the state's burden of proof.  Petitioner calls attention to the trial court's jury instruction that stated,

> "Flight, in and of itself, does not raise a presumption of guilt, but unless satisfactorily explained, it tends to show a consciousness of guilt or a guilty connection with the crime."

*Id.,* quoting ECF Dkt. #10, Transcript at 925.  Petitioner explains that his counsel objected to this instruction and explained to the court that this instruction practically required the jury to presume his guilt.  *Id.,* citing Tr. at 841-842.  Petitioner contends that requiring him to "satisfactorily explain" his flight placed an improper burden on him to prove his innocence which violated his due process rights under the Fifth and Fourteenth Amendments.  ECF Dkt. #10, Exhibit C at 14.  Petitioner also indicates that the trial court did not even define the vague

-23-

term "satisfactorily". *Id.*

Again, this Court is obliged to "accept a state court's interpretation of that state's statutes and rules of practice" *Duffel,* 785 F.2d at 133, and may not ignore the pronouncement of the state appellate court on this state law matter. *Howell*, 227 F.3d at 676. Thus, this Court must accept the appellate court's reliance upon Ohio caselaw holding that the Ohio Supreme Court had examined the exact instruction used in Petitioner's case and found it neither arbitrary or unreasonable and finding that it did not create an improper mandatory presumption. ECF Dkt. #10, Exhibit E, citing *State v. Taylor*, 78 Ohio St.3d 15, 27, 676 N.E. 2d 82(1997)(holding that exact jury instruction regarding flight was not arbitrary or unreasonable and did not create improper mandatory presumption). Petitioner has not met his burden of rebutting the presumption of correctness attached to the Ohio appellate court's holding by clear and convincing evidence. Moreover, in order for Petitioner to show that an erroneous jury instruction rises to the level of a constitutional violation that is cognizable in this Court, he must show that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Buell,* 274 F.3d at 365-366 (6th Cir. 2001), quoting *Cupp*, 414 U.S. at 147 and citing *Scott*, 209 F.3d at 872. Petitioner fails to show that the jury instruction itself relating to flight infected his trial so that his conviction violates due process. Accordingly, the undersigned recommends that the Court find Petitioner's third ground for relief to be without merit.

**IV.    CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the undersigned finds that Petitioner has procedurally defaulted each ground for relief contained in his Petition for the Writ of Habeas Corpus.

-24-

Moreover, even if the Court considered Petitioner's grounds for relief on their merits, the

undersigned recommends that the Court find them without merit.  Accordingly, the

undersigned recommends that this Court dismiss the instant Petition for the Writ of Habeas

Corpus with prejudice.


Date: June 21, 2005

                                        **/s/George J. Limbert**
                                                George J. Limbert
                                     United States Magistrate Judge


     ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).